

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Claude Isbell
Secretary of State
Austin, Texas

Dear Sir:                          Attention: Mr. J. L. McGarity

Opinion No. 0-7033
Re: Whether the payment of cash
    dividends by a newly created
    Texas corporation out of
    "earned surplus" of a pre-
    decessor foreign corporation
    is prohibited by Article
    1083a, Penal Code, and
    related questions.

We are in receipt of your letter of recent date requesting the opinion of this department on the above stated matters. We quote from your letter as follows:

"We hand you herewith a copy of a letter received in this office from the below mentioned law firm which said letter is self-explanatory.

"In connection with this inquiry we would appreciate it if you would give us your opinion concerning the following questions:

"(1) Could such a Texas corporation, after acquiring the assets of the foreign corporation in the manner stated and under the provisions of Article 1083a of Vernon's Annotated Penal Code, pay cash dividends with the surplus mentioned therein?

"(2) Could such a domestic corporation use such surplus for the purpose of paying a stock dividend?

"(3) Could such a domestic corporation use such surplus for the purpose of retiring preferred stock of such domestic corporation?"

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Claude Isbell, page 2

We quote from the letter accompanying your request as follows:

"A Delaware corporation advises us that it is engaged in the purchase, transmission, distribution and sale of natural gas wholly within the State of Texas under duly authorized permit to do business in Texas, and desires to re-incorporate under the laws of the State of Texas.

"It further advises that a plan of re-incorporation and the procedure and steps necessary for the purpose of accomplishing same will be submitted to the shareholders for their approval; that the Corporation is a gas utility company, as defined in the Public Utility Holding Company Act of 1935, and accordingly application will be made to the Securities and Exchange Commission for its approval of the various steps and proposed transactions in connection with such re-incorporation under the laws of Texas; that, in addition to its Capital and Capital Surplus Accounts, the Company has an Earned Surplus, as reflected by its books, of substantially more than $1,000,000.00; that it is wholly solvent and its accounts and obligations current; that the transaction contemplates merely re-incorporation of the Company's business, properties and operations under a Texas charter on a share-for-share basis and without gain or loss; that simultaneously with the issuance of the capital stock of the Texas corporation, all of the Delaware company's properties, business and assets, tangible and intangible, present and reversionary, will be transferred to the Texas corporation, and in the instrument of transfer the Texas corporation will assume the lawful liabilities of the Delaware corporation and will forthwith execute a supplemental indenture of mortgage evidencing the assumption of the outstanding bonds; that, upon the issuance to the Delaware corporation of the entire capital stock of the Texas corporation, such stock, pursuant to the Plan, will be distributed to the shareholders of the Delaware corporation on a share-for-share basis as a liquidating dividend and the Delaware corporation will thereupon be dissolved; that pursuant to the Plan the business and operations will be continued without interruption by the Texas corporation, which will also

Honorable Claude Isbell, page 3

continue the same uniform system of accounts as now
required by the Securities and Exchange Commission
and will set up its books and capital structure in
the same manner as reflected by the books, balance
sheets and surplus statements of the Delaware
corporation, which latter will be duly certified by
Main & Company or other qualified independent auditors;
that the stock of the Delaware corporation is listed on
the New York Curb Exchange and it is intended that the
stock of the Texas corporation will likewise be so
listed; that the Delaware corporation is on a dividend
basis and it is important that such dividend policy be
continued by the Texas corporation to the extent con-
sistent with Texas laws and sound business practices;
however the Directors are concerned about the question
presented below.

"Section 30 of the Texas Securities Act - Article
600a, Title 19A of Vernon's Civil Statutes, Volume 2,
and which we understand is the same as Article 1083a
of the Penal Code, apparently prohibits the declaration,
issuance or payment of any cash dividend out of any funds
other than the actual earnings of a company or from law-
ful liquidation of its business and makes a violation
thereof a felony punishable by fine and imprisonment.

"Section 34 of the Act vests the administration of its
provisions in the Secretary of State and makes it the duty
of the Secretary of State and the Attorney General "to see
that its provisions are at all times obeyed and to take
such measures and to make such investigation as will pre-
vent or detect the violation of any provision thereof".
As we view it, the general purposes of the Act are to
prevent fraudulent practices with respect to the issu-
ance, sale, promotion, etc., of any security within the
State and likewise the protection of security holders
from fraudulent corporate practices. In general, the
payment of a dividend out of profits or earned sur-
plus is authorized under the Civil Laws of Texas. The
fact that the penal provision prohibiting the payment of
cash dividends out of any funds 'other than the actual
earnings' of a company is made a part of the Securities
Act (the Blue Sky law of Texas) would indicate that
the intention was to prevent the fraudulent practice
of paying dividends out of capital to the detriment
of shareholders and creditors and was not directed to
the declaration and payment of dividends in ordinary
course of business by a successor company out of
surplus earned by a predecessor company from the same

Hon. Claude Isbell, page 4

business and operations where such predecessor company was, at the time, on a dividend basis and the successor company succeeded to the property, business rights and liabilities of such predecessor company through change of charter. In our opinion, this principle was indirectly recognized in the case of Murchison's Estate vs. Commission, 76 Federal (2nd) 641, (Fifth Circuit).

"On the basis of the facts as stated and assuming the issuance of the Certificate of Approval by the Securities and Exchange Commission of the necessary procedure and transactions, as well as the approval of the Plan by the shareholders of the Delaware corporation, will you please advise us, with the advice and opinion of the Attorney General, whether or not a continuance of the dividend policy by the board of directors of the Texas corporation and the payment of part or all of such dividends out of Earned Surplus of the predecessor Delaware corporation (provided, of course, the Board determines that such declaration and payment is consistent with good business practices at the time) would be in violation of the Texas Securities Act, and particularly Section 30 of the Act, or of Article 1083a of the Penal Code."

Article 1083a, Vernon's Annotated Penal Code, in part, provides:

"Any dealer, agent, salesman, principal, officer or employee * * * who shall knowingly participate in declaring, issuing or paying any cash dividend by or for any person or company out of any funds other than the actual earnings of such person or company or from the lawful liquidation of the business thereof, shall be deemed guilty of a felony and, upon conviction thereof, shall be sentenced to pay a fine of not more than One Thousand Dollars ($1000), or imprisoned in the penitentiary for not more than two (2) years, or by both such fine and imprisonment."

In view of the plain and unambiguous language of the above quoted provision, it is our opinion that the term "actual earnings" of the company, as used therein and applied to the facts stated, refers to the actual earnings of the new corporation resulting from the business of said corporation subsequent to its creation, rather than to assets in the form of "earned surplus" of a predecessor corporation acquired by said new corporation at the time of its creation. It is our further opinion that at the time of the incorporation of the new Texas corporation, there could be no actual earnings of said corporation within the contemplation of the above quoted provisions, and that under the facts stated, the "earned surplus" of the predecessor Delaware corporation would constitute "funds other than the actual earnings" of the new Texas corporation. It is therefore our opinion that under the facts given, the payment of dividends out of the "earned surplus" of the predecessor corporation would be in violation of the provisions of Art. 1083a of the Texas Penal Code.

With reference to your question as to whether "a Texas corporation, after acquiring the assets of the foreign corporation in the manner stated" could pay cash dividends out of the earned surplus of the foreign corporation, it is our opinion that such assets so acquired would constitute a fund "other than from the actual earnings" from the operation of the business of said Texas corporation. It is therefore our opinion that under such circumstances the payment of cash dividends from such "earned surplus" of a foreign corporation whose assets had been acquired by a Texas corporation would be in violation of the provisions of Art. 1083a, P. C.

It is our further opinion that the prohibition against "declaring, issuing or paying any cash dividend" contained in Art. 1083a, supra, would not be applicable to the payment of stock dividends or the retirement of preferred stock of a domestic corporation acquiring the assets of a foreign corporation under the circumstances set forth in your request. It is to be understood, however, that we are herein passing only upon the applicability of the provisions of Art. 1083a, P. C., to the situations inquired about.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By

J. A. Ellis
Assistant

JAE:LJ



OPINION
COMMITTEE

BY
CHAIRMAN